UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAIME DURAN, )<br>)<br>Petitioner )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent ) | CAUSE NO. 3:05-CV-138RM<br>Arising from 3:03-CR-00006(01)RM |

OPINION AND ORDER

On March 25, Jaime Duran filed a FED. R. CIV. P. 59(e) motion for reconsideration of the court's March 16 order dismissing his § 2255 motion to vacate, set aside, or correct his sentence. Mr. Duran also jointly moves the court to issue a certificate of appealability and to proceed *in forma pauperis*. For the following reasons, the court denies Mr. Duran's motions.

Mr. Duran's motion for reconsideration asks the court to reconsider its dismissal of his petition for a writ of habeas corpus, 28 U.S.C. § 2255. A prisoner whose habeas petition has been denied may file a motion for reconsideration under Rule 59(e). Beyah v. Murphy, 825 F. Supp. 213, 214 (E.D. Wis. 1993). The court denied Mr. Duran's habeas petition on March 16, and based on the "mailbox rule" announced in Houston v. Lack, 487 U.S. 266, 276 (1988), Mr. Duran timely filed his motion when he delivered it to the prison mail system on March 20, within ten days of the court's ruling. The government has not filed a response and the time for doing so has passed, so the motion is ripe for decision.

Motions filed under Rule 59(e) afford the court an opportunity to correct its own errors and to spare the parties the burden of unnecessary appellate proceedings. See Divane v. Krull Elec. Co., 194 F.3d 845, 848 (7th Cir. 1999). The court should grant a Rule 59(e) motion when there is "a manifest error of law or fact." Id.; see also LB Credit Corp. v. Resolution Trust Corp., 49 F.3d 1263, 1267 (7th

Cir. 1995) (citation omitted) ("a Rule 59(e) motion must clearly establish either a manifest error of law or fact or must present newly discovered evidence."). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." Oto v. Metropolitan Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000), *cert. denied*, 531 U.S. 1152 (2001) (citation omitted).

Under these standards, none of Mr. Duran's contentions justifies relief from the denial of his habeas petition. Mr. Duran's motion for reconsideration presents no new evidence, cuts and pastes an opinion issued by the District Court of Oregon, and then reasserts the same arguments he previously submitted in his habeas petition.

As the court noted in its order dismissing Mr. Duran's § 2255 petition, he waived his right to collaterally attack his sentence. Moreover, in McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005), the court of appeals held the Supreme Court's ruling in Booker does not apply retroactively to cases such as Mr. Duran's. Id. at 481 ("[w]e conclude, then, that *Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005"). Consequently, Mr. Duran has not demonstrated any manifest error that would justify relief under Rule 59(e).

As to Mr. Duran's motions for certificate of appealability and to proceed *in forma pauperis*, Mr. Duran seeks to appeal the court's summary dismissal of his § 2255 petition, which asserted he was unconstitutionally sentenced in light of the Supreme Court's ruling in United States v. Booker, 125 S. Ct. 738 (2005). A "certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253; *accord* Williams v. Parke, 133 F.3d 971, 975 (7th Cir. 1998). Mr. Duran must demonstrate that his constitutional issues are "debatable among jurists of reason" or "deserve encouragement to proceed further." Ouska v. Lynn Cahill-Masching, 246

2

F.3d 1036, 1046 (7th Cir. 2001); Porter v. Gramley, 112 F.3d 1308, 1312 (7th Cir. 1997); *see also* Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983).

Mr. Duran intends to argue on appeal that the court erred in not applying Booker retroactively to his case. As the court explained its denial of Mr. Duran's § 2255 petition, he waived his right to attack his sentence, and, even if he had not done so, his claims do not make the requisite "substantial showing" of the denial of a constitutional right to authorize a certificate of appealability. *See* McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005).

While a certificate of appealability is properly issued only when the petitioner has made "a substantial showing of the denial of a constitutional right," Walker v. O'Brien, 216 F.3d at 632 (*quoting* 28 U.S.C. § 2253(c)(2)), the standard for granting *in forma pauperis* status is lower. An indigent petitioner should be granted *in forma pauperis* status when his appeal is in good faith — that is, when "a reasonable person could suppose that the appeal has some merit." Walker v. O'Brien, 216 F.3d at 632 (*citing* Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000)); *see also* 28 U.S.C. § 1915 (a)(3) ("An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."). The decision that Mr. Duran has not made a "substantial showing of a constitutional right" doesn't mean his appeal is not in good faith. His claim, while unpersuasive to this court, are not so implausible as to be in bad faith. Considering the relatively low threshold for a finding of good faith — that a "reasonable person could suppose that the appeal has some merit" — the court concludes Mr. Duran meets this standard and has appealed in good faith, so he is not automatically barred from proceeding *in forma pauperis* by the "good faith" requirement of 28 U.S.C. § 1915(a)(3).

Courts are given the authority to grant *in forma pauperis* status by 28 U.S.C. § 1915. Mr. Duran's appeal of his § 2255 petition is governed specifically by § 1915(a)(1). Although § 1915(a)(2) and (b) impose additional requirements on prisoners bringing "civil actions," the requirements contained in

3

those portions of § 1915 don't apply to Mr. Duran's motion because habeas petitions under §§ 2241, 2254, and 2255 are not "civil actions" as that term is used in § 1915(a)(2) and (b). Walker v. O'Brien, 216 F.3d at 634 ("We therefore hold that if a case is properly filed as an action under 28 U.S.C. §§ 2241, 2254, or 2255, it is not a 'civil action' to which the [Prison Litigation Reform Act] applies.").[1]

Still, Mr. Duran's request to proceed *in forma pauperis* is governed by the requirements of § 1915(a)(1) which apply to "any suit, action or proceeding, civil or criminal, or appeal therein." Section 1915(a)(1) authorizes the court to grant *in forma pauperis* status only to a prisoner who submits an affidavit that includes a statement of all assets he possesses, states that he is unable to pay the court fees, and states the nature of his appeal and the belief that he is entitled to redress. 28 U.S.C. § 1915(a)(1). While Mr. Duran says he annexed the required affidavit to his consolidated motion, no such document was filed with the court. Without the required affidavit identified stated in § 1915(a)(1), the court does not have authority to grant *in forma pauperis* status.

Therefore, the court DENIES Mr. Duran's motions [Doc. No. 125 on 03-CR-00006(01)RM]] for reconsideration, for a certificate of appealability, and for leave to proceed *in forma pauperis*, with leave to re-file a motion to proceed *in forma pauperis* with the required affidavit. The court also DIRECTS the clerk to send Mr. Duran an application for *in forma pauperis* status.

SO ORDERED.

ENTERED: <u>April 18, 2005</u>

<u>/s/ Robert L. Miller, Jr.</u>
Chief Judge
United States District Court

---

[1] The Prison Litigation Reform Act of 1996 changed § 1915 as to "civil actions" by adding paragraph (2) to subsection (a), and adding subsection (b).

cc:    J. Duran
       K. Hays

5